

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY VASQUEZ,<br>CDCR #T-12357,<br><br>                               Plaintiff,<br><br>vs.<br><br>RAMIREZ, FLORES, RODRIGUEZ,<br>ESPITIA,<br><br>                           Defendants. | Case No.:  25-CV-1978 JLS (SBC)<br><br>**ORDER GRANTING MOTION TO VACATE**<br><br><br><br>(ECF No. 8) |

Presently before the Court is Plaintiff Anthony Vasquez's, a state prisoner proceeding *pro se*, Motion to Vacate Judgment ("Mot.," ECF No. 8). Plaintiff initiated this case on July 29, 2025, when he filed a civil rights complaint pursuant to 42 U.S.C. § 1983. *See* ECF No. 1. On October 27, 2025, the Court granted Plaintiff leave to proceed in forma pauperis but dismissed the complaint for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1). *See* ECF No. 5. The dismissal was without prejudice and with leave to file an amended pleading no later than December 26, 2025. *See id.* at 10. In the same order, the Court warned Plaintiff that if he failed to timely amend, the Court would dismiss this action for failure to state a claim and failure to prosecute. *Id.* (citing *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of

the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")).

When Plaintiff failed to file any response to the dismissal, the Court dismissed the action for failure to prosecute and failure to state a claim on February 10, 2026, and entered judgment on February 11, 2026. *See* ECF Nos. 6, 7. In the meantime, however, Plaintiff's Motion was stamped "received" by the Clerk of Court on February 9, 2026, but not docketed until February 17, 2026. *See* ECF No. 8.

## MOTION TO VACATE JUDGMENT

Plaintiff's Motion includes requests to vacate the judgment pursuant to Federal Rule of Civil Procedure 59(e) and for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). *See id.* at 1, 17. A motion to alter or amend a judgment is construed under Rule 59(e) if it is filed within 28 days of entry of judgment; otherwise, it is considered under Rule 60(b) as a motion for relief from a judgment or order. *See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001). Because Plaintiff's Motion was filed before final judgment was entered, the Court construes the Motion under Federal Rule of Civil Procedure 60(b).

A party may move the Court for relief from judgment under Rule 60(b) on the following grounds: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b).

Here, Plaintiff's Motion was stamped received on February 9, 2026, the day *before* the case was dismissed for failure to prosecute, but the Motion was not docketed until several days later, on February 17, 2026. *See* Mot. In his Motion, Plaintiff states he did not receive the Court's dismissal order until the "holidays" and because of subsequent

3:25-cv-1978-JLS-SBC

lockdowns, he was unable to timely respond. *Id.* at 19. After receiving assistance from another inmate in mid-January, Plaintiff "immediately began formulating a response to the dismissal." *Id.* at 20. The Court notes that because Plaintiff is proceeding pro se, had the Motion been docketed the day it was stamped received (a day before this Court issued its final dismissal order), this Court would have liberally construed the filing as a request for an extension of time to file an amended pleading and granted it. Thus, given these unique circumstances and in the interest of justice, the Court **GRANTS** the Motion, **VACATES** the judgment, **REOPENS** the case, and **GRANTS** Plaintiff leave to file an amended complaint no later than July 12, 2026. *See* Fed. R. Civ. P. 60(b)(6); *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985) ("Whenever it is reasonably possible, cases should be decided upon their merits.").

Plaintiff is again cautioned that the amended complaint must be complete in itself. *See* S.D. CAL. CIVLR 15.1; *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (stating claims which are not re-alleged in an amended pleading may be "considered waived if not repled"). Failure to file an amended pleading on or before the above deadline may result in the Court dismissing the action for failure to state a claim and failure to prosecute. *See Lira*, 427 F.3d at 1169.

### CONCLUSION

Accordingly, the Court **GRANTS** Plaintiff's Motion (ECF No. 8), **VACATES** the judgment entered on February 11, 2026 (ECF Nos. 6, 7), **DIRECTS** the Clerk of Court to reopen the case, and **GRANTS** Plaintiff leave to file an amended complaint **no later than July 12, 2026**.

**IT IS SO ORDERED**.

Dated: May 26, 2026

Hon. Janis L. Sammartino
United States District Judge